Per Curiam.

Respondent was retained to prosecute the claim of a client who was injured in an automobile accident in Columbia County. Prior to giving a retainer to the respondent, the client had retained another attorney who had commenced an action in Kings County. With knowledge of the pendency of the Kings County action and without obtaining a substitution order or discontinuance, the respondent instituted a separate action in Columbia County. The Columbia County action was settled and, as an incident of the settlement, the fee of the first retained attorney had to be fixed on a litigated reference. On the fee reference, the respondent gave testimony which the Official Referee hearing the charges of professional misconduct has characterized as false and which respondent explains as ambiguous. Respondent exacted a fee from his client for services made necessary by what respondent now describes as an error of judgment as to the proper procedure in disposing of the Kings County action.
*695 Respondent represented a group of people injured in an automobile accident near Rbinebeck, New York. His contingency-agreement with them was that he was to receive 40% of any recovery and his clients 60%. After settlement efforts were made, respondent stated to his clients that to secure a better offer it would be necessary to pay someone, whose identity he refused to disclose, 10% to obtain the better offer. He then persuaded his clients to agree to pay him an additional 10%. He now admits that the agreements for the additional compensation lack valid legal consideration. He repaid to his clients (after litigation in some instances) the additional compensation exacted. It also appears that he charged and collected from his clients alleged disbursements which he had not paid or incurred.
The report of the Official Referee finding the respondent guilty of misconduct is confirmed.
Respondent is directed to pay his client, Ernest Curry, the sum of $1,000 retained by respondent for compensation and disbursements in the litigation growing out of respondent’s failure to deal properly with the prior action.
Respondent should be suspended for six months.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Respondent suspended for six months.